# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50691
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WINSTON ANTONIO DURAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2269

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Winston Antonio Duran pleaded guilty to conspiring to possess with intent to distribute 50 kilograms or more of marijuana and to possessing with intent to distribute 50 kilograms or more of marijuana, Counts 2 and 3 of the indictment, respectively. A jury found Duran guilty of possessing a firearm in furtherance of the drug trafficking offense charged in Count 3. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50691

court sentenced Duran to 37 months each on the drug conspiracy and possession counts, to be served concurrently, and to 60 months on the firearm count, to be served consecutively to the other sentences.

Duran argues that the district court constructively amended the firearm charge by instructing the jury it could convict him based on either the drug conspiracy or the drug trafficking offense.  In a similar vein, he argues that the jury convicted him of two separate firearms offenses for the same conduct and the district court imposed two five-year sentences for the same firearm possession offense, constituting multiple convictions and multiple punishments for the same offense in violation of the Double Jeopardy Clause. Because Duran did not raise these arguments below, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Neither argument is supported by the record.

He also argues that evidence is insufficient to support the jury conviction and showed, at most, that the firearm was merely present in a room with a portion of the marijuana.  We look at numerous factors to determine whether a defendant has knowingly possessed a firearm in furtherance of the specified drug trafficking offense.  18 U.S.C. § 924(c)(1)(A); *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir.), *amended on other grounds*, 226 F.3d 651 (5th Cir. 2000).  Considering those factors and viewing the evidence in the light most favorable to the Government, we have determined that the evidence is sufficient to support Duran's § 924(c) conviction.  *See United States v. Daniels*, 723 F.3d 562, 569 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 973, 974, 975, 977 (2014).

The judgment is AFFIRMED.